LITTLER MENDELSON, P.C.
BRITNEY N. TORRES, Bar No. 287019
Btorres@littler.com
SIMERDIP KHANGURA, Bar No. 272525
SKhangura@littler.com
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
Telephone: 916.830.7200
Facsimile: 916.561.0828

Attorneys for Defendant
WELLPATH MANAGEMENT, INC.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AISLING CANNON,<br><br>    Plaintiff,<br><br>v.<br><br>WELLPATH MANAGEMENT, INC.,<br><br>    Defendant. | Case No. 2:20-cv-00925-WBS-CKD<br><br>**DEFENDANT WELLPATH MANAGEMENT, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT** |

DEFENDANT WELLPATH
MANAGEMENT, INC.'S ANSWER TO
PLAINTIFF'S COMPLAINT

Case No. 2:20-cv-00925-WBS-CKD

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916.830.7200

Defendant WELLPATH MANAGEMENT, INC.[1] ("Defendant" or "Wellpath") hereby answers the Complaint for Damages ("Complaint") of Plaintiff AISLING CANNON ("Plaintiff") as follows:

## I. PARTIES[2]

1. Answering the allegations set forth in Paragraph 1 of the Complaint, Defendant admits that Plaintiff was a nurse in the County Jail, City of Placerville, El Dorado County, California. As to the remaining allegations of Paragraph 1, Defendant is without sufficient information to form a belief as to the truthfulness of the allegations and therefore denies the same.

2. Answering the allegations set forth in Paragraph 2 of the Complaint, Defendant denies that it delivers medical and healthcare services to inmates housed at the Placerville County Jail where Plaintiff was employed. However, Defendant admits it performed management services to the entity that did so.

## II. JURISDICTION AND VENUE

3. Answering the allegations set forth in Paragraph 3 of the Complaint, Defendant admits that Defendant is a Delaware corporation with headquarters in Nashville, Tennessee, and is registered with the California Secretary of State as Wellpath Management, Inc., Entity No. C3521984. The remainder of Paragraph 3 contains argument and conclusions of law, not allegations of fact, and thus no response is required; to the extent a response is permitted, Defendant denies any allegations of wrongdoing.

4. Answering the allegations set forth in Paragraph 4 of the Complaint, Defendant admits that the amount in controversy exceeds $75,000 for the purposes of diversity. Defendant denies that Plaintiff's total annual compensation in 2018, including salary and benefits, was approximately $93,000. The remainder of Paragraph 4 contains argument and conclusions of law, not allegations of fact, and thus no response is required; to the extent a response is permitted, Defendant denies any allegations of wrongdoing.

---

[1] Wellpath Management, Inc. has been erroneously named as it did not employ Plaintiff. California Forensic Medical Group, Inc. ("CMFG") employed Plaintiff.

[2] For ease of reference, Defendant refers to Plaintiff's headings and titles, but to the extent those headings and titles could be construed to contain factual allegations, those allegations are denied.

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916.830.7200

5. Answering the allegations set forth in Paragraph 5 of the Complaint, this Paragraph contains argument and conclusions of law, not allegations of fact, and thus no response is required; to the extent a response is permitted, Defendant denies any allegations of wrongdoing. To the extent a response is required, Defendant admits that venue is proper in this Court.

### III. FACTUAL BACKGROUND

6. Answering the allegations set forth in Paragraph 6 of the Complaint, Defendant admits that, at the time she was employed with CMFG, Plaintiff was an LVN. Defendant denies that Plaintiff accepted a job at El Dorado County Jail in Placerville, CA in March 2008. Defendant is without sufficient information to admit or deny the remaining allegations contained in Paragraph 6 and on that basis denies those allegations.

7. Answering the allegations set forth in Paragraph 7 of the Complaint, Defendant admits Plaintiff worked an overnight shift and with rare exceptions, she was the only nurse at the jail from 10 p.m. through 7 a.m. Defendant denies the remaining allegations in Paragraph 7.

8. Answering the allegations set forth in Paragraph 8 of the Complaint, Defendant admits the allegations contained therein.

9. Answering the allegations set forth in Paragraph 9 of the Complaint, Defendant admits that Correct Care Solutions was renamed Wellpath and is a privately-held company headquartered in Nashville, TN. Defendant denies the remaining allegations.

10. Answering the allegations set forth in Paragraph 10 of the Complaint, Defendant admits the quoted texted appears on its website.

11. Answering the allegations set forth in Paragraph 11 of the Complaint, Defendant denies each and every allegation contained therein.

12. Answering the allegations set forth in Paragraph 12[3] of the Complaint, Defendant admits that Plaintiff did not receive a formal performance review in the last four years of

---

[3] As for the footnote in Plaintiff's Complaint referencing Paragraph 12, Defendant admits that Plaintiff requested her personnel file following her termination from employment in May 2019, and that Defendant produced the personnel file in response to a request by Plaintiff. The personnel file and wage records were produced on September 9, 2019. Defendant is without sufficient information to admit or deny the remaining allegations contained in Paragraph 9 and on that basis denies those allegations.

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916.830.7200

DEFENDANT WELLPATH
MANAGEMENT, INC.'S ANSWER TO
PLAINTIFF'S COMPLAINT
3.
Case No. 2:20-cv-00925-WBS-CKD

employment. Defendant is without sufficient information to form a belief as to the truthfulness of the remaining allegations and therefore denies the same.

### *Installation of a New Medical Records System*

13. Answering the allegations set forth in Paragraph 13 of the Complaint, Defendant admits that in 2018 it transitioned to electronic medical records ("EMR"). Defendant denies the remaining allegations of Paragraph 13.

14. Answering the allegations set forth in Paragraph 14 of the Complaint, Defendant admits the EMR conversion took place during 2018, and the vendor for the EMR was CorEMR. Defendant is without sufficient information to form a belief as to the truthfulness of the remaining allegations and therefore denies the same.

15. Answering the allegations set forth in Paragraph 15 of the Complaint, Defendant is without sufficient information to form a belief as to the truthfulness of the allegations and therefore denies the same.

16. Answering the allegations set forth in Paragraph 16 of the Complaint, Defendant denies each and every allegation contained therein.

17. Answering the allegations set forth in Paragraph 17 of the Complaint, Defendant denies each and every allegation contained therein.

18. Answering the allegations set forth in Paragraph 18 of the Complaint, Defendant denies each and every allegation contained therein.

19. Answering the allegations set forth in Paragraph 19 of the Complaint, Defendant denies each and every allegation contained therein.

20. Answering the allegations set forth in Paragraph 20 of the Complaint, Defendant admits that Gina Olson sent an email to staff regarding the change to the EMR system. As to the remainder of Paragraph 29, Defendant denies the allegations contained therein.

21. Answering the allegations set forth in Paragraph 21 of the Complaint, Defendant admits that Gina Olson sent an email to Plaintiff on June 29, 2017 that stated "Hi All – I was hacked. I have CMCG IT working on fixing it. Don't open Drop Box email. Thank you - Gina."

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916.830.7200

DEFENDANT WELLPATH
MANAGEMENT, INC.'S ANSWER TO
PLAINTIFF'S COMPLAINT

4.

Case No. 2:20-cv-00925-WBS-CKD

As to the remainder of Paragraph 21, Defendant, denies the allegations contained therein.

***Medication Error on the Second Floor***

22. Answering the allegations set forth in Paragraph 22 of the Complaint, Defendant admits the allegations contained therein.

23. Answering the allegations set forth in Paragraph 23 of the Complaint, Defendant denies the allegations contained therein.

24. Answering the allegations set forth in Paragraph 24 of the Complaint, Defendant denies the allegations contained therein.

25. Answering the allegations set forth in Paragraph 25 of the Complaint, Defendant admits that the medication was pre-poured for top tier inmates into yellow envelopes, and each inmate's name was written on the envelope. As to the remainder of Paragraph 25, Defendant denies the allegations contained therein.

26. Answering the allegations set forth in Paragraph 26[4] of the Complaint, including the footnote set forth therein, Defendant denies the allegations contained therein.

27. Answering the allegations set forth in Paragraph 27 of the Complaint, Defendant is without sufficient information to form a belief as to the truthfulness of the allegations and therefore denies the same.

28. Answering the allegations set forth in Paragraph 28 of the Complaint, Defendant is without sufficient information to form a belief as to the truthfulness of the allegations and therefore denies the same.

29. Answering the allegations set forth in Paragraph 29 of the Complaint, Defendant admits the allegations contained therein.

30. Answering the allegations set forth in Paragraph 30 of the Complaint, Defendant admits that Plaintiff was issued a Final Written Warning in April 2019 for falsifying documentation of medication. As to the remainder of Paragraph 30, Defendant denies the allegations contained therein.

---

[4] As for the footnote in Plaintiff's Complaint referencing Paragraph 26, Defendant admits allegations contained therein.

DEFENDANT WELLPATH MANAGEMENT, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT — 5. — Case No. 2:20-cv-00925-WBS-CKD

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916.830.7200

### *Mystery Pill in Office: March-April 2019*

31. Answering the allegations set forth in Paragraph 31 of the Complaint, Defendant admits that Tina Nevarez wanted to discuss a pill found on a desk in the medical unit. As to the remainder of Paragraph 30, Defendant denies the allegations contained therein.

32. Answering the allegations set forth in Paragraph 32 of the Complaint, Defendant admits the allegations contained therein.

33. Answering the allegations set forth in Paragraph 33 of the Complaint, Defendant denies that a single prescription pill was found in the nurses' office during the day shift, but admits that the pills found were on the desk used by the officers.

34. Answering the allegations set forth in Paragraph 34 of the Complaint, Defendant admits that one of the pills found was clonazepam and admits the remaining allegations in Paragraph 34.

35. Answering the allegations set forth in Paragraph 35 of the Complaint, Defendant admits the allegations contained therein.

36. Answering the allegations set forth in Paragraph 36 of the Complaint, Defendant admits the allegations contained therein.

37. Answering the allegations set forth in Paragraph 37 of the Complaint, Defendant denies the allegations contained therein.

38. Answering the allegations set forth in Paragraph 38 of the Complaint, Defendant admits that Plaintiff was told not to discuss the matter. As to the remainder of Paragraph 38, Defendant denies the allegations contained therein.

39. Answering the allegations set forth in Paragraph 39 of the Complaint, Defendant denies the allegations contained therein.

40. Answering the allegations set forth in Paragraph 40 of the Complaint, Defendant admits that she was interviewed again regarding the pill. Defendant is unable to admit or deny Plaintiff's thoughts or beliefs and on that basis denies the same. As to the remainder of Paragraph 40, Defendant denies the allegations contained therein.

DEFENDANT WELLPATH MANAGEMENT, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT       6.       Case No. 2:20-cv-00925-WBS-CKD

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916.830.7200

41. Answering the allegations set forth in Paragraph 41 of the Complaint, Defendant denies the allegations contained therein.

42. Answering the allegations set forth in Paragraph 42 of the Complaint, Defendant is unable to admit or deny Plaintiff's thoughts or beliefs and on that basis denies the same. Defendant admits that Plaintiff emailed Tina Nevarez on May 3, 2019, stating she "noticed a medication error yesterday." As to the remainder of Paragraph 42, Defendant denies the allegations contained therein.

43. Answering the allegations set forth in Paragraph 43 of the Complaint, Defendant admits that Plaintiff was terminated from employment on May 8, 2019, but denies she was not given a reason for her termination from employment. Defendant admits that a letter was sent to her home address, dated May 14, 2019, stating the reason for her separation as "Involuntary: Performance and Behavior."

44. Answering the allegations set forth in Paragraph 44 of the Complaint, Defendant is without sufficient information to form a belief as to the truthfulness of the allegations and therefore denies the same.

45. Answering the allegations set forth in Paragraph 44 of the Complaint, Defendant is unable to admit or deny Plaintiff's thoughts or beliefs and on that basis denies the same. The remainder of Paragraph 45 contains argument and conclusions of law, not allegations of fact, and thus no response is required; to the extent a response is permitted, Defendant denies any allegations of wrongdoing.

### *Statutory Background*

46. Paragraph 46 contains argument and conclusions of law, not allegations of fact, and thus no response is required; to the extent a response is permitted, Defendant denies any allegations of wrongdoing.

47. Paragraph 47 contains argument and conclusions of law, not allegations of fact, and thus no response is required; to the extent a response is permitted, Defendant denies any allegations of wrongdoing.

DEFENDANT WELLPATH MANAGEMENT, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT
7.
Case No. 2:20-cv-00925-WBS-CKD

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916.830.7200

48. Paragraph 48 contains argument and conclusions of law, not allegations of fact, and thus no response is required; to the extent a response is permitted, Defendant denies any allegations of wrongdoing.

49. Paragraph 49 contains argument and conclusions of law, not allegations of fact, and thus no response is required; to the extent a response is permitted, Defendant denies any allegations of wrongdoing.

50. Paragraph 50 contains argument and conclusions of law, not allegations of fact, and thus no response is required; to the extent a response is permitted, Defendant denies any allegations of wrongdoing.

51. Paragraph 51 contains argument and conclusions of law, not allegations of fact, and thus no response is required; to the extent a response is permitted, Defendant denies any allegations of wrongdoing.

52. Paragraph 52 contains argument and conclusions of law, not allegations of fact, and thus no response is required; to the extent a response is permitted, Defendant denies any allegations of wrongdoing.

## V. CAUSES OF ACTION

## FIRST CAUSE OF ACTION

Labor Code § 1102.5

(Whistleblower Protection)

53. In response to Paragraph 53 of the Complaint, Defendant repleads and incorporates by reference, as if fully set forth again herein, the responses contained in Paragraphs 1 through 52 of this Answer as set forth above.

54. Answering the allegations set forth in Paragraph 54 of the Complaint, Defendant denies the allegations contained therein.

55. Answering the allegations set forth in Paragraph 55 of the Complaint, Defendant denies the allegations contained therein.

///

DEFENDANT WELLPATH MANAGEMENT, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT — 8. — Case No. 2:20-cv-00925-WBS-CKD

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916.830.7200

56. Answering the allegations set forth in Paragraph 56 of the Complaint, Defendant denies the allegations contained therein.

57. Answering the allegations set forth in Paragraph 57 of the Complaint, Defendant admits that Plaintiff was terminated from her employment with CFMG.

58. Answering the allegations set forth in Paragraph 58 of the Complaint, Defendant denies the allegations contained therein.

## **SECOND CAUSE OF ACTION**

Health & Safety § 1278.5

59. In response to Paragraph 59 of the Complaint, Defendant repleads and incorporates by reference, as if fully set forth again herein, the responses contained in Paragraphs 1 through 58 of this Answer as set forth above.

60. Paragraph 60 contains argument and conclusions of law, not allegations of fact, and thus no response is required; to the extent a response is permitted, Defendant denies any allegations of wrongdoing.

61. Paragraph 61 contains argument and conclusions of law, not allegations of fact, and thus no response is required; to the extent a response is permitted, Defendant denies any allegations of wrongdoing.

62. Paragraph 62 contains argument and conclusions of law, not allegations of fact, and thus no response is required; to the extent a response is permitted, Defendant denies any allegations of wrongdoing.

63. Answering the allegations set forth in Paragraph 63 of the Complaint, Defendant denies the allegations contained therein.

64. Answering the allegations set forth in Paragraph 64 of the Complaint, Defendant denies the allegations contained therein.

65. Answering the allegations set forth in Paragraph 65 of the Complaint, Defendant denies the allegations contained therein.

///

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916.830.7200

DEFENDANT WELLPATH MANAGEMENT, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT 9. Case No. 2:20-cv-00925-WBS-CKD

## THIRD CAUSE OF ACTION

Wrongful Termination in Violation of Public Policy

66. In response to Paragraph 66 of the Complaint, Defendant repleads and incorporates by reference, as if fully set forth again herein, the responses contained in Paragraphs 1 through 65 of this Answer as set forth above.

67. Answering the allegations set forth in Paragraph 67 of the Complaint, Defendant denies the allegations contained therein.

68. Answering the allegations set forth in Paragraph 68 of the Complaint, Defendant admits that Plaintiff was terminated from her employment with CFMG..

69. Answering the allegations set forth in Paragraph 69 of the Complaint, Defendant denies the allegations contained therein.

70. Answering the allegations set forth in Paragraph 70 of the Complaint, Defendant is without sufficient information to form a belief as to the truthfulness of the allegations and therefore denies the same.

## FOURTH CAUSE OF ACTION

Intentional Infliction of Emotional Distress

71. In response to Paragraph 71 of the Complaint, Defendant repleads and incorporates by reference, as if fully set forth again herein, the responses contained in Paragraphs 1 through 70 of this Answer as set forth above.

72. Answering the allegations set forth in Paragraph 72 of the Complaint, Defendant denies the allegations contained therein.

73. Answering the allegations set forth in Paragraph 73 of the Complaint, Defendant denies the allegations contained therein.

74. Answering the allegations set forth in Paragraph 74 of the Complaint, Defendant is without sufficient information to form a belief as to the truthfulness of the allegations and therefore denies the same.

///

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916.830.7200

DEFENDANT WELLPATH MANAGEMENT, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

10.

Case No. 2:20-cv-00925-WBS-CKD

75. Paragraph 75 contains argument and conclusions of law, not allegations of fact, and thus no response is required; to the extent a response is permitted, Defendant denies any allegations of wrongdoing.

## **PRAYER FOR RELIEF**

The Prayer for Relief contains argument and conclusions of law, not allegations of fact, and thus no response is required. However, to the extent a response is required, Defendant generally and specifically denies each and every allegation contained therein, denies that Plaintiff was damaged in any manner by Defendant's conduct, and further denies that Plaintiff is entitled to damages, penalties, interest, or attorneys' fees or costs, or any other relief or remedy.

## **AFFIRMATIVE DEFENSES**

Without waiving or excusing Plaintiff's burden of proof, without admitting that Defendant has any burden of proof, and without admitting any wrongdoing, Defendant asserts the following defenses:

1. FOR AND AS A FIRST SEPARATE DEFENSE, Defendant alleges that Plaintiff's Complaint, and each cause of action set forth therein, is barred to the extent it fails to state facts sufficient to constitute a cause of action or to set forth a claim upon which relief can be granted.

2. FOR AND AS A SECOND SEPARATE DEFENSE, Defendant alleges that Plaintiff's claims are barred, in whole or in part, to the extent that the applicable statute of limitations has expired, including but not limited to California Government Code sections 12960 and 12965 subdivision (b), and California Code of Civil Procedure sections 335.1 and 340(a).

3. FOR AND AS A THIRD SEPARATE DEFENSE, Defendant alleges that Plaintiff's claims are barred to the extent they are subject to the equitable doctrines of estoppel, waiver, laches, and/or unclean hands.

4. FOR AND AS A FOURTH SEPARATE DEFENSE, Defendant alleges that Plaintiff's claims are barred to the extent that, even if any decision concerning Plaintiff was based in part on retaliatory grounds (which Defendant denies), Defendant would have reached the same decision absent any alleged retaliation.

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916.830.7200

DEFENDANT WELLPATH MANAGEMENT, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

11.

Case No. 2:20-cv-00925-WBS-CKD

5. FOR AND AS A FIFTH SEPARATE DEFENSE, Defendant alleges that Plaintiff's claims are barred to the extent that her damages were caused by her own intentional and/or negligent acts and/or omissions.

6. FOR AND AS A SIXTH SEPARATE DEFENSE, Defendant alleges that Plaintiff is barred from recovery, in whole or in part, to the extent she has failed to mitigate her alleged damages.

7. FOR AND AS A SEVENTH SEPARATE DEFENSE, Defendant alleges that, to the extent Plaintiff seeks recovery for her alleged emotional and/or physical damages, such claims and damages are preempted by her exclusive remedy pursuant to the California Workers' Compensation Act, California Labor Code section 3600 *et seq*.

8. FOR AND AS AN EIGHTH SEPARATE DEFENSE, Defendant alleges that if Plaintiff has suffered any emotional distress (which Defendant denies), Plaintiff's recovery is barred to the extent that her emotional distress was proximately caused by factors other than her employment and/or the actions of Defendant or anyone acting on its behalf.

9. FOR AND AS A NINTH SEPARATE DEFENSE, Defendant alleges that, to the extent Plaintiff suffered any emotional distress as a result of any conduct undertaken by Defendant, or anyone acting on Defendant's behalf (which Defendant denies), such conduct was beyond the course and scope of said agent's employment, and specifically contrary to and in disregard of Defendant's interest.

10. FOR AND AS A TENTH SEPARATE DEFENSE, Defendant alleges that it had suitable anti-retaliation policies in effect at all times material to the allegations in Plaintiff's Complaint, and that Plaintiff's claims are barred to the extent she unreasonably failed to take advantage of such policies and to otherwise avoid her alleged harm.

11. FOR AND AS AN ELEVENTH SEPARATE DEFENSE, Defendant alleges that it is not vicariously liable for any act or omission of any person, by way of respondeat superior, agency, or otherwise.

///

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916.830.7200

12. FOR AND AS A TWELFTH SEPARATE DEFENSE, Defendant alleges that, assuming any employee of Defendant engaged in any unlawful conduct toward Plaintiff (which Defendant denies), Defendant neither knew nor reasonably should have known of said unlawful conduct.

13. FOR AND AS A THIRTEENTH SEPARATE DEFENSE, Defendant alleges that the Complaint is barred or damages should be reduced to the extent all actions taken against Plaintiff would or could have been taken in any event based upon after-acquired evidence of misconduct.

14. FOR AND AS A FOURTEENTH SEPARATE DEFENSE, Defendant alleges that Plaintiff's recovery, if any, should be reduced to the extent that Plaintiff has obtained income from other employment, workers' compensation, and/or other sources and that such monies must be set off against any potential damages.

15. FOR AND AS A FIFTEENTH SEPARATE DEFENSE, Defendant alleges that Plaintiff's claims are barred in whole or in part to the extent the alleged damages were caused by her own failure to perform her job duties consistent with Defendant's expectations, directives, policies, and procedures

16. FOR AND AS A SIXTEENTH SEPARATE DEFENSE, Defendant alleges that Plaintiff is precluded from recovering punitive damages from Defendant, either in whole or in part, under the applicable provisions of California Civil Code section 3294, or such other statutes of similar effect that may be applicable.

17. FOR AND AS A SEVENTEENTH SEPARATE DEFENSE, Defendant alleges that any imposition of punitive damages violates Defendant's Constitutional rights and any actions it conducted, or any actions taken on its behalf, were not done with malice, oppression, or fraud.

18. FOR AND AS A EIGHTEENTH SEPARATE DEFENSE, Defendant alleges that Plaintiff's claim for punitive and/or exemplary damages is barred to the extent she has failed to state her claim with the requisite specificity.

///

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916.830.7200

DEFENDANT WELLPATH MANAGEMENT, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT    13.    Case No. 2:20-cv-00925-WBS-CKD

19. FOR AND AS A NINETEENTH SEPARATE DEFENSE, Defendant alleges that Plaintiff's claims are barred, in whole or in party, by the doctrines of res judicata and/or collateral estoppel.

20. FOR AND AS A TWENTIETH SEPARATE DEFENSE, Defendant alleges that it did not engage in extreme or outrageous conduct.

21. FOR AND AS A TWENTY-FRIST SEPARATE DEFENSE, Defendant alleges that it had no intention to cause, and did not recklessly disregard the probability of causing, Plaintiff's alleged emotional distress.

22. FOR AND AS A TWENTY-SECOND SEPARATE DEFENSE, Defendant alleges that, assuming any conduct alleged by Plaintiff occurred (which Defendants deny), such conduct was not severe and/or pervasive.

23. FOR AND AS A TWENTY-THIRD SEPARATE DEFENSE, Defendant alleges it never employed Plaintiff, thus it is the incorrect party to this lawsuit.

## **RESERVATION OF ADDITIONAL DEFENSES**

Defendant alleges that the Complaint does not describe the claims or facts being alleged with sufficient particularity to permit Defendant to ascertain what other defenses may exist. Defendant will rely on any and all further defenses that become available or appear during discovery in this action and specifically reserves the right to amend this Answer for purposes of asserting such additional defenses.

## **PRAYER FOR RELIEF**

WHEREFORE, Defendant prays as follows:

1. That Plaintiff's Complaint and each claim for relief therein be dismissed in its entirety with prejudice;

2. Plaintiff take nothing by way of her Complaint and each claim for relief therein;

3. Defendant be awarded its costs of suit and reasonable attorneys' fees incurred herein;

///

DEFENDANT WELLPATH MANAGEMENT, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT — 14. — Case No. 2:20-cv-00925-WBS-CKD

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916.830.7200

4. That the Court order such other and further relief for Defendant as the Court may deem just and proper.

Dated: June 29, 2020

LITTLER MENDELSON, P.C.

By: */s/ Simerdip Khangura*
BRITNEY N. TORRES
SIMERDIP KHANGURA
Attorneys for Defendant
WELLPATH MANAGEMENT, INC.

4815-6882-8097.4 073956.1040

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916.830.7200

DEFENDANT WELLPATH MANAGEMENT, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

15.

Case No. 2:20-cv-00925-WBS-CKD